This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, National Wholisticenter, appeals the decision of the Summit County Court of Common Pleas, which granted partial summary judgment to appellee, The George E. Wilson Company ("Wilson Company"), dismissing appellant's complaint for breach of contract. This Court affirms.
 I.
{¶ 2} In April of 1999, the parties to this action entered into a lease agreement, in which Wilson Company was the landlord and National Wholisticenter was the tenant. The agreement was signed by Janice Skeen and Patrick Frank, on behalf of National Wholisticenter, and they represented their intention to use the premises for, among other things, worship services. The two-year lease contained an option to purchase the building on the condition that the parties agree upon a price. The option language within the lease was the sole statement regarding the option to purchase the building.
{¶ 3} A few months after the lease was finalized, George E. Wilson suffered a stroke, causing his son to maintain the landlord position for him. During 2001, the parties began negotiations to attempt to agree upon a purchase price for the building. After they were not able to agree upon a price that was acceptable to both sides, the parties agreed to have an appraisal done in further attempt to reach an agreement. Wilson Company believed the appraisal to be too low, and National Wholisticenter believed the appraisal to be too high. No agreed price for the purchase of the building was ever reached between the parties and the lease expired in April of 2001. National Wholisticenter refused to sign a new lease and continued to use the premises, despite Wilson Company's demand to leave the premises and return possession to Wilson Company.
{¶ 4} National Wholisticenter filed suit against Wilson Company on June 1, 2001. Wilson Company filed its answer denying all allegations against it, as well as a counterclaim against National Wholisticenter. On September 14, 2001, Wilson Company filed a motion for partial summary judgment. National Wholisticenter filed a motion in opposition to the Wilson Company's summary judgment motion. On November 2, 2001, the trial court rendered judgment, granting Wilson Company's partial summary judgment, dismissing all of National Wholisticenter `s claims against it. The trial court also granted summary judgment in favor of Wilson Company as to two of its counterclaims.
{¶ 5} On December 14, 2001, the parties agreed and stipulated to the remaining claims of the case. The trial court rendered judgment in favor of Wilson Company according to the parties' agreement, and it ordered National Wholisticenter to pay Wilson Company $3,950.00.
{¶ 6} National Wholisticenter timely appealed and has set forth four assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR {¶ 7} "THE LOWER COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT."
 SECOND ASSIGNMENT OF ERROR {¶ 8} "THE LOWER COURT ERRED BY MAKING A PREDISPOSITION OF DISPUTED FACTS AND THEREUPON GRANTING SUMMARY JUDGMENT."
 THIRD ASSIGNMENT OF ERROR {¶ 9} "THE LOWER COURT ERRED BY SUMMARILY DISMISSING ALL CAUSES OF ACTION INCLUDING DETRIMENTAL RELIANCE AND FRAUD BASED UPON ITS PREDECISION OF UNENFORCEABILITY OF THE SUBJECT LEASE/OPTION."
 FOURTH ASSIGNMENT OF ERROR {¶ 10} "THE LOWER COURT ERRED BY IGNORING THE AFFIDAVIT AND DOCUMENTS CLARIFYING THE LEGAL CAPACITY OF THE APPELLANT TO SUE, RECEIVE AND RECOVER."
{¶ 11} In its first three assignments of error, National Wholisticenter asserts that the trial court erred in granting Wilson Company's motion for partial summary judgment. National Wholisticenter specifically argues that the trial court erred in determining that there were no genuine issues of material fact, dismissing all of its causes of action against Wilson Company. In its fourth assignment of error, National Wholisticenter asserts that the trial court erred by ignoring the affidavit and documents clarifying its legal capacity to sue, receive and recover.
{¶ 12} For the above reasons, National Wholisticenter argues that the trial court erred as a matter of law in granting partial summary judgment to Wilson Company as to National Wholisticenter's claims in the case. This Court disagrees.
{¶ 13} For ease of discussion, this Court will address all four assignments of error together in its review of this appeal.
{¶ 14} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
{¶ 15} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 {¶ 16} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
{¶ 17} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials listed in Civ.R. 56(C) which show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve. Id. "Mere reliance upon the pleadings is insufficient." Carr v. Nemer (Dec. 16, 1992), 9th Dist. No. 15575.
{¶ 18} In contract cases, "It is well settled that price is an essential term to a contract. Consequently, it must be definite and certain. If the price is not specified in the contract, it must be `easily ascertainable by reference to some extrinsic standard, e.g., a contract to buy stock at market price.' A purchase option contract is not valid unless a definite price is either stated in the agreement or is ascertainable from its express or implied provisions." (Citations omitted.) Bailey v. Mills (Feb. 7, 2001), 5th Dist. No. 1999 AP 07 0043.
{¶ 19} When a contract contains open price terms, if they are "so vague and indefinite that one party may charge what he will while the other party must guess at his obligation, the contract is illusory and unenforceable." Preston v. First Bank of Marietta (1983), 16 Ohio App.3d 4,6.
{¶ 20} In support of its motion for partial summary judgment, Wilson Company provides a brief with attached evidentiary materials, including the affidavit of its president, Gregory S. Wilson, and a copy of the lease agreement between the parties. The brief reflects Wilson Company's argument that the option contract is unenforceable due to the fact that the option language specifies no price and no objective standard by which a price could be determined. The brief also addresses the following facts: the lease in question has expired, National Wholisticenter has refused to sign a new lease, and because the absence of any price term precludes enforcement of the option contract, National Wholisticenter lacks any right to continue to occupy the Wilson Company's building. Consequently, no genuine issues of material fact remain as to National Wholistic's claims against Wilson Company.
{¶ 21} Gregory S. Wilson's affidavit states:
 {¶ 22} "5. Wilson Company never made any statements or representations to Skeen, Frank, or anyone else from National Wholisticenter, regarding any `option' to purchase the building apart from language of paragraph 16 of the Lease, contained in the addendum to the Lease."
{¶ 23} It further explains that the option in the lease provided that National Wholisticenter could buy the building upon the condition that a price could be agreed upon between the parties. In addition, the affidavit states:
 {¶ 24} "8. The parties were unable to agree upon a price that was acceptable to both sides.
 {¶ 25} "9. The parties consented to have an appraisal done to attempt to reach agreement. Wilson Company believed the appraisal to be too low, and Skeen, Frank and National Wholisticenter believed the appraisal to be too high."
 {¶ 26} "10. Neither Skeen, Frank, nor anyone else from National Wholisticenter has ever offered any specific dollar amount as the proposed purchase price for the building."
 {¶ 27} "11. No agreed price for the purchase of the building has ever been reached."
 {¶ 28} "12. The term of the Lease has now expired and Skeen, Frank and National Wholisticenter refused to sign a new lease."
{¶ 29} Wilson Company also provides a copy of the lease agreement to point to the unenforceable price language contained in the portion of the lease that covers the option to purchase. Paragraph 16 of the lease agreement, titled "Option to Purchase", notes to "See Addendum". The relevant section of the addendum to the lease states:
{¶ 30} "Par. 16 — OPTION TO PURCHASE
 {¶ 31} "During the two-year period of the LEASE, the LANDLORD grants the TENANT the option to purchase the entire building (at a price to be agreed upon between the two parties), and also in consideration of this option will consider any lease payments to be part of the purchase agreement."
{¶ 32} Wilson Company argues that the language "at a price to be agreed upon between the two parties" is clearly illusory as to any determinable price term for the property at issue, therefore making the contract unenforceable between the parties.
{¶ 33} In support of its motion in opposition to Wilson Company's motion for partial summary judgment, National Wholisticenter provides a brief with attached evidentiary materials, including the affidavit of its chief officer, Skeen, a copy of the lease agreement between the parties, and correspondence concerning an appraisal for the leased property. The brief reflects National Wholisticenter's argument that Wilson Company should not receive partial summary judgment because the requirements of Civ.R. 56 are not satisfied. National Wholisticenter briefly responds to Wilson Company's motion by reiterating what Wilson Company argues in its brief and alleging the argument is incorrect. National Wholisticenter alleges that genuine issues of material fact exist, but does not give examples of such in its brief.
{¶ 34} Skeen's affidavit states numerous allegations against Wilson Company, but its statements concerning a price for the purchase of the building are not contradictory to Gregory S. Wilson's affidavit statements on the same. The affidavit does not contain any statements about the option to purchase, the parties' attempt to agree on a purchase price, or the appraisal of the property that are disputed between the parties.
{¶ 35} Even though Gregory S. Wilson indicates in his affidavit that no representations were made regarding the purchase of the property, other than the language contained in the option, Skeen does not dispute this statement in her affidavit. Skeen also does not indicate in her affidavit any fraudulent statements that were made to her or any statements that she relied on to her detriment.
{¶ 36} Skeen provides a copy of the lease agreement as well, referring to the section of the addendum that speaks to the option to purchase the leased property. After examining the exact language of that section above, it is clear that the words "at a price to be agreed upon between the two parties" are both (a) too vague and indefinite to evidence an agreed upon price term, and (b) do not provide any easily ascertianable standard by which to determine an agreed price.
{¶ 37} Lastly, National Wholisticenter refers to correspondence from Wilson Company which discusses the appraisal arrangements. In a "Memo of Understanding" dated September 5, 2000, Wilson Company begins by writing to National Wholisticenter that, "It is agreed that an appraisal of the property known as the `Cornus Hill Mansion', currently owned by George E. Wilson Company, would be beneficial to both that company and the National Wholistic Center." National Wholisticenter provides this letter in support of its brief, but its contents do not raise any material issue in dispute between the parties. The letter does not state that the appraisal shall determine the agreed upon purchase price for the property. It merely states an undisputed fact that the appraisal would be beneficial to both parties. This letter would better support Wilson Company's argument that it attempted in good faith to arrive at an agreed upon purchase price, but both parties simply failed to do so.
{¶ 38} Viewing the above evidence in the light most favorable to National Wholisticenter, this Court finds that there remains no genuine issue of material fact as to National Wholistic's contract breach claims against Wilson Company. The evidentiary materials provided by Wilson Company show that there was no definite agreed upon price term between the parties, and therefore the option contract was unenforceable as to the leased property. The evidentiary materials provided by National Wholisticenter did not demonstrate that any genuine issues of material fact existed remained when there was no definite price term, and therefore an unenforceable option contract. See Bailey v. Mills (Feb. 7, 2001), 5th Dist. No. 1999 AP 07 0043; see, also, Preston,16 Ohio App.3d at 6.
{¶ 39} This Court finds that National Wholisticenter failed to present sufficient evidence of a definite price term, and therefore an enforceable option contract did not exist between the parties. This Court concludes that summary judgment was properly granted to Wilson Company based upon National Wholisticenter's inability to demonstrate evidence of any genuine issues of material fact in the case. National Wholisticenter's first three assignments of error are overruled.
{¶ 40} Furthermore, this Court's disposition on National Wholisticenter's first three assignments of error renders its fourth assignment of error moot.
 III.
{¶ 41} Accordingly, the judgment of the trial court is affirmed.
BAIRD, P.J., WHITMORE, J. CONCUR.